UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA MARISCAL,

Plaintiff,

v.

GRACO, INC.,

Defendant.

Case No. 13-cv-02548-TEH

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE**

Due to the parties' failure to follow the procedures set forth in the Pretrial Order, the Court decided at the July 21, 2014 Pretrial Conference to allow the parties to file challenges to certain revised documents that complied with the requirements of the Pretrial Order no later than July 25, 2014, with objections due no later than July 30, 2014. July 22, 2014 Pretrial Conference Minutes (Docket No. 63).

On July 15, 2014, Plaintiff and Defendant filed motions in limine. Neither party, however, filed a timely written opposition to these motions. *See* Sept. 10, 2013 Pretrial Order at 6 (Docket No. 32) (requiring motions in limine to be filed no later than 21 calendar days before the scheduled trial date, here July 15, 2014, and any written opposition to such motions to be filed no later than 14 calendar days before the trial date, here July 22, 2014). Plaintiff did not file any opposition, while Defendant filed an opposition to Plaintiff's motion in limine on August 1, 2014 – ten days after the Pretrial Order's deadline. Defendant did not explain or otherwise attempt to justify the late filing. As a result, it would be within the Court's discretion to refuse to consider this untimely document and grant all motions in limine as unopposed.

However, because the original trial date of August 5, 2014 has been rescheduled for January 27, 2015, the prejudice posed to the parties by counsels' failure to meet the filing deadlines for these motions is significantly reduced. For this reason, the Court has decided to rule on the merits of the submitted motions. Nonetheless, the Court expresses its

United States District Court
Northern District of California

continued dissatisfaction and great concern with the parties' inability to meet the established deadlines of this pre-trial process. The Court is quickly reaching the extent of its willingness to forgive these recurring infractions. Parties are hereby on notice that any additional non-compliance with the Court's deadlines or other orders shall result in the imposition of monetary sanctions.

After carefully considering the parties' written motions in limine, and construing the other evidentiary objections as motions in limine in the interest of streamlining this process, the Court rules as follows:

### Stipulated Evidence

The parties, by and through their counsel, have agreed to stipulate that the parties, their attorneys, and witnesses will not attempt to introduce into evidence or mention on the record or in the presence of the jury:

1. Any recall or retrofit by Graco for unrelated products.
2. Information, statements, comments or suggestion that the injury had anything to do with Mr. Mariscal's marital situation with Corey Mariscal.
3. Testimony by Mr. Mariscal about his future loss of eyesight.
4. Insurance coverage for Graco.
5. Health insurance coverage for Mr. Mariscal's injuries.
6. Past medical expenses in excess of the $78,500 in Kaiser's medical lien.
7. Testimony by Dr. Schwartz beyond what is expressed in his written expert witness report, including future loss of eyesight other than potentially from glaucoma.

July 11, 2014 Joint Pretrial Conference Statement at 5 (Docket No. 54). Thus, this evidence is hereby EXCLUDED from trial.

### Defendant's Motion in Limine No. 1

Defendant's Motion in Limine No. 1 seeks to exclude Plaintiff from introducing any evidence or testimony related to his claim for lost wages or diminished earning capacity because he failed to provide a "computation of each category of damages" during

1   discovery, as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).[1]  *See* Def.'s

2   Mot. at 1 (Docket No. 59).  This motion is GRANTED.

3          Rule 26(a)(1)(A)(iii) requires plaintiffs to provide a "computation of each category

4   of damages,"  as well as the "documents or other evidentiary material, unless privileged or

5   protected from disclosure, on which each computation is based . . ."  Here, Plaintiff failed

6   to provide any computation of lost wages or diminished earning capacity.  In response to

7   interrogatories specifically asking for such information, Plaintiff responded that the

8   amount of damages would be "according to proof at trial."  July 15, 2014 Pattee Decl., Ex.

9   B at Int. No. 9 (Docket No. 59-3).  Plaintiff also failed to produce documents in response

10  to Defendant's request for documents showing income in the five years prior to this

11  litigation.  Pattee Decl., ¶¶ 5-6 (Docket No. 59-1).  The time for discovery has since

12  concluded.

13         Under Rule 37(c)(1), "exclusion of evidence not disclosed is appropriate unless the

14  failure to disclose was substantially justified or harmless."  *Hoffman v. Constr. Protection*

15  *Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).  Further, district courts have broad

16  discretion to preclude the presentation of evidence not disclosed in discovery.  *Id.* at 1180.

17  To this effect, the court in *Estate of Gonzalez v. Hickman* held that even if the plaintiffs

18  had timely disclosed that they would seek lost earnings at trial, the plaintiffs' failure to

19  disclose a computation of lost earning potential was alone sufficiently prejudicial to

20  warrant exclusion because it denied defendants the opportunity to adequately conduct

21  discovery.  No. ED CV 05-00660 MMM, 2007 WL 3237635, at *5 (C.D. Cal. June 28,

22  2007).  *See also In re Gorilla Companies, LLC*, 454 B.R. 115, 120 (D. Ariz. Mar. 11,

23  2011).

24         Here, Plaintiff has failed to provide any computation of lost income or diminished

25  earning capacity in response to multiple discovery requests.  The failure to disclose this

26  evidence has denied Defendant the opportunity to adequately conduct discovery and

27

28  ――――――――――――――
    [1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil
    Procedure, unless otherwise stated.

United States District Court
Northern District of California

United States District Court
Northern District of California

prepare a defense on this claim.  *See Estate of Gonzalez*, 2007 WL 3237635 at *5 (holding this to be sufficiently prejudicial).  Moreover, without such evidence, Plaintiff can rely only on speculation to prove lost wages or diminished earning capacity.  Because speculation cannot provide a reasonable basis for the computation of damages, the Court concludes that Plaintiff may no longer seek lost wages/diminished earning capacity in this case.  *See In re Gorilla Companies, LLC*, 454 B.R. at 120 (finding general and conclusory evidence insufficient to provide a reasonable basis for computation of damages).

The Court therefore GRANTS Defendant's motion to exclude any evidence or testimony at trial related to Plaintiff's claim for lost wages or diminished earning capacity.

### **Defendant's Motion in Limine No. 2**

Defendant's Motion in Limine No. 2 seeks to exclude from trial any evidence or testimony offered by Plaintiff's expert witness, David Rondinone, other than information and opinions contained in Plaintiff's Rule 26(a)(2)(B) expert disclosure dated March 25, 2014.  *See* Def.'s Mot. at 11 (Docket No. 59).  Defendant seeks, in essence, confirmation of the extent of the Court's prior exclusion of Mr. Rondinone's untimely and improper supplemental expert opinions under Rule 37(c)(1).  *See* June 26, 2014 Summary Judgment Order at 5-10 (Docket No. 49) (excluding evidence at summary judgment).  In accordance with the Court's ruling on summary judgment, this motion is GRANTED.

Therefore, at trial, Mr. Rondinone may present the information and expert opinions properly disclosed in his March 25, 2014 Rule 26 expert disclosure, which include the following:

> (1) [The] Graco Sprayer was capable of generating 3000 psi pressure;
>
> (2) The method of pressure relief only functions when mechanism [sic] is not clogged.  The instructions offer two methods to relieve pressure - turning the valve to "prime" and triggering the gun.  The instructions also foresee an event when these actions do not relieve the pressure.  They state "If you suspect the spray tip or hose is clogged or that pressure has not been relieved after following the steps above, VERY SLOWLY loosen tip guard retaining nut or hose end coupling

1    to relieve pressure gradually, then loosen completely."
2    *However, the design of the sprayer is such that if it is clogged,*
     *there is no method of notifying the user that it is still under*
3    *pressure, and thus the user may not be aware that the system is*
     *under pressure.*

4    (3) The mechanisms for pressure relief (the gun and the prime
     valve) can get clogged if paint is left to dry in system, and
5    Graco had foreseen that paint may be left in system and create
     clogs.

6    (4) *There is no mechanism to notify the operator that the*
     *system is under pressure.*
7
     (5) *Following the instructions can present the operator with*
8    *hazardous conditions - (e.g. undoing a threaded joint when the*
     *system is under pressure with paint debris mixed with water). .*
9    *. .*

10   Summary Judgment Order at 7-8 (emphasis in Order) (Docket No. 49) (citing First Expert

11   Opinion at 2:21-3:11 (Docket No. 41-7)).

12       Mr. Rondinone may <u>not</u> testify regarding any opinions stated in his May 22, 2014

13   Declaration that were not previously disclosed in his March 25, 2014 Rule 26 expert

14   disclosure.  *Compare* Docket No. 42-1 *with* Docket No. 41-7.  These excluded opinions

15   include:

16       4. In my professional opinion the airless paint sprayer in
         question was defectively designed because, although
17       acknowledging that their design for relieving pressure might
         not actually work to relieve pressure, Graco did nothing more
18       to design or incorporate into the design a devise [sic], such as a
         gauge or digital readout that would tell the user that in fact the
19       pressure had not been relieved when the steps to relieve
         pressure were followed.

20       5. That other models of Graco airless sprayers currently on the
         market have pressure level digital readouts which clearly
21       advise the user that the sprayer is still pressurized and the level
         of pressure.  Graco, if they had chosen to do so, could have
22       easily incorporated this into their design of the sprayer in
         question.
23
         6. In my opinion, if Graco's design had incorporated such a
24       device, this accident would not have occurred because Mr.
         Mariscal would have been alerted to the fact that the sprayer
25       was still pressurized.

26       7. It is my opinion that the warnings, both on the sprayer and
         contained in the operations manual are inadequate and with
27       specific regard to warning of the need of protective equipment,
         i.e., safety glasses when "Relieving Pressure" as described on
28       page 9 of the manual such a warning is nonexistent.  In

United States District Court
Northern District of California

addition, the "hang tag" identified as Exhibit 2 to Mr. Rivord's declaration was not on the sprayer in question and even if it had been it does not warn of the risk of pressure not being relieved nor does it refer to the need to wear "Personal Protective Equipment." If Graco believed that eye protection was needed when performing the steps to relieve pressure it should have included that warning on page 9 of the manual as they did on other pages of the manual such as page 10.

8. In my opinion had adequate warnings been included in the operations manual this accident may or likely would not have occurred because Mr. Mariscal who, according to his deposition, was in the habit of wearing safety glasses, would have done so in this case.

9. In my opinion the warnings attached to Mr. Rivord's declaration are inadequate and do not warn at all about the hazards of high pressure as it relates to the facts of this accident. If fact, said warnings say nothing whatsoever about wearing personal protective equipment. Finally, Graco's "Quick Start-Up Guide" is totally inadequate and does not in any way warn of the need to wear "Personal Protective Equipment."

Summary Judgment Order at 8-9 (Docket No. 49) (citing Second Expert Opinion, ¶¶ 4-9 (Docket No. 42-1)). Thus, Mr. Rondinone: (1) may testify that there is no mechanism to notify the user that the sprayer is under pressure, but may not opine that "the airless paint sprayer in question was defectively designed" because of a failure to incorporate a pressure gauge or digital readout, and that such a design been incorporated, the accident would not have occurred; (2) may not testify that other models of Graco airless sprayers currently on the market have pressure level digital readouts that advise the user that the sprayer is still pressurized and the level of pressure; and (3) may not offer expert opinions as to the inadequacy of Graco's warnings.

### Plaintiff's Motion in Limine No. 1

Plaintiff's Motion in Limine No. 1 seeks to exclude evidence of Defendant's compliance with any trade industry standard or customs with respect to the design of Defendant's airless paint sprayer because such evidence of reasonable care is irrelevant to the question of strict liability. *See* July 15, 2014 Pl.'s Mot. at 1 (Docket No. 60). While Defendant failed to timely oppose this motion in limine, the Court GRANTS IN PART and

DENIES IN PART Plaintiff's motion on the merits.

Evidence of compliance with industry customs or standards is inadmissible in strict product liability cases predicated on a consumer expectations theory of liability. *Buell-Wilson v. Ford Motor Co.*, 141 Cal. App. 4th 525, 545 (2006), *rev'd on other grounds*, 550 U.S. 931 (2007). Because strict liability actions under this theory do not involve the question of whether the defendant exercised reasonable care, evidence of industry practice or custom is irrelevant. *Id.*; *see also Foglio v. W. Auto Supply*, 56 Cal. App. 3d 470, 477 (1976) (same). This evidence is therefore inadmissible and irrelevant to whether Defendant's paint sprayer was defectively designed such that it failed to perform as the ordinary consumer would expect.

However, Defendant is correct that more recent authority has established that evidence of compliance with industry customs or standards is relevant under the risk-benefit test of a design defect claim and may be taken into account "as part of the design defect balancing process." August 1, 2014 Def's Opp'n to Pl's Mot. in Limine No. 1 (Docket No. 87); *see Howard v. Omni Hotels Management Corp.*, 203 Cal. App. 4th, 425-26 (2012) ("When the plaintiff alleges strict product liability/design defect, any evidence of compliance with industry standards, while not a complete defense, is not 'irrelevant,' but instead properly should be taken into account through expert testimony as part of the design defect balancing process.").

Additionally, compliance with industry customs or standards is relevant to Plaintiff's negligent failure to warn claim, which also survived summary judgment. *See* June 26, 2014 Order on Summary Judgment Mot. at 22-23 (Docket No. 49). A negligent failure to warn claim "requires a plaintiff to prove that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care, i.e., what a reasonably prudent manufacturer would have known and warned about." *Anderson v. Owens-Corning Fiberglas Corp.,* 53 Cal. 3d 987, 1002 (1991). Consequently, custom or practice may be probative of reasonableness in a negligence action. *Grimshaw v. Ford Motor Co.*, 119 Cal. App. 3d 757, 803 (1981).

United States District Court
Northern District of California

1          Because compliance with industry customs or standards is admissible as it relates to

2   the application of the risk-benefit test for Plaintiff's design defect claim, as well as

3   Plaintiff's claim of negligent failure to warn, Plaintiff's proper recourse is a limiting

4   instruction to the jury and not complete exclusion. Cal. Evid. Code § 355 ("When evidence

5   is admissible as to one party or for one purpose and is inadmissible as to another party or

6   for another purpose, the court upon request shall restrict the evidence to its proper scope

7   and instruct the jury accordingly."). *See also Daggett v. Atchison, T. & S. F. Ry. Co.*, 48

8   Cal. 2d 655, 665 (1957) ("if evidence is admissible for any purpose it must be received,

9   even though it may be highly improper for another purpose. In jury trials, however, the

10  other party is entitled to an instruction limiting the purpose for which the evidence may be

11  considered.").

12          Accordingly, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

13  While Plaintiff is not entitled to a blanket exclusion of evidence relating to industry

14  standards or customs, Defendant may not use any of this evidence with respect to the

15  consumer expectation theory of strict liability design defect.  Defendant may, however,

16  rely on this evidence with respect to Plaintiff's negligent failure to warn claim and the

17  application of the risk-benefit test to Plaintiff's strict liability design defect claim.  To this

18  effect, Plaintiff may seek at trial a limiting instruction restricting Defendant's use of this

19  evidence in accordance with the Court's ruling.

20

21          **Defendant's Objection to Plaintiff's Trial Exhibits**

22          Defendant objects to the introduction of Plaintiff's Exhibits 1, 2, 4 (which are

23  excerpted pages from the Graco Operations Manual), and Exhibit 11 (which is a single

24  page containing product unit costs and margins for various models of Graco sprayers).  *See*

25  July 30, 2014 Def's Objections to Pl's Trial Ex. (Docket No. 79).  Defendant argues that

26  introduction of these excerpted documents without the context of the entire document

27  would "give[] the jury a false impression."  Federal Rule of Evidence 106 provides that

28  "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may

require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." Here, to avoid the risk of confusion or prejudice, fairness requires that Plaintiff provide the appropriate context of these documents if introduced during trial. However, without access to these documents in their entirety, the Court cannot rule on Defendant's objections. In light of Federal Rule of Evidence 106, the Court advises the parties to meet and confer to determine whether they can come to an agreement about the appropriate extent of the evidence necessary to provide adequate context. If the parties cannot reach agreement, Defendant may provide the complete documents to the Court and renew its objection prior to the introduction of these exhibits at trial.

### Defendant's Objection to Plaintiff's Designation of Deposition Testimony

Defendant objects to a number of Plaintiff's deposition designations for presentation to the jury; these designations are drawn from Douglas Rivord's March 19, 2014 and July 14, 2014 depositions. *See* July 30, 2014 Def's Objections (Docket No. 82). Without access to the full transcripts of these depositions, the Court cannot rule on Defendant's objections. In light of Federal Rule of Evidence 106, the Court advises the parties to meet and confer to determine whether they can come to an agreement about the appropriate scope of designation to provide adequate context. If the parties cannot reach agreement, Defendant may provide the complete deposition transcripts to the Court and renew its objection prior to the introduction of the Rivord deposition excerpts at trial.

### Plaintiff's Objection to Testimony of Graco's "Corporate Representative"

Plaintiff objects to the proposed testimony of Graco's "corporate representative" – Angela Redland Speakens – on the basis that Graco failed to disclose her either as a potential witness or expert witness until July 25, 2014 in Defendant's list of trial witnesses. July 29, 2014 Pl's Objections to Def's Corp. Rep. (Docket No. 78). While Defendant informed the Court on August 27, 2014 that it no longer intends to use Ms. Speakens at

United States District Court
Northern District of California

1  trial, the Court nonetheless rules on this motion to ensure that her testimony is excluded.

2      Ms. Speakens' proposed testimony runs afoul of the Court's Order for Pretrial

3  Preparation, which explicitly required Graco to disclose the identity of its expert witnesses

4  no later than April 3, 2014, and gave fair and unequivocal notice that "[f]ailure to comply

5  with these deadlines will prevent a witness from testifying as an expert."  Sept. 10, 2013

6  Order for Pretrial Preparation at 3 (Docket No. 32).  Graco acknowledges the expert nature

7  of Ms. Speaken's proposed testimony by noting that not only will she "provide rebuttal

8  testimony in response to Plaintiff's expert witness," but also that her proposed testimony

9  includes many of the same topics to be covered by Graco's Product Safety and Compliance

10  Manager, expert witness Douglas Rivord.  *Compare* July 25, 2014 Def.'s List of Trial

11  Witnesses, ¶ 1 (Rivord) *with* ¶ 3 (Speakens) (Docket No. 72).

12      Additionally, given that the scope of her proposed testimony extends beyond

13  "impeachment" only, Graco's failure to identify Ms. Speakens as an individual likely to

14  have discoverable information as required by Rule 26(a)(1)(A)(i) violates Rule 37(c)(1).

15      In light of this late introduction of a new expert witness, and given that Plaintiff did

16  not have an opportunity to depose her before the close of discovery, allowing her

17  testimony at trial would prejudice Plaintiff.  Thus, her testimony is properly excludable

18  under Rule 37 as well.  *See* Fed. R. Civ. P. 37(c)(1) (providing for exclusion of such

19  information unless the failure to disclose was "substantially justified or is harmless").

20  Thus, the Court EXCLUDES Ms. Speakens from testifying at trial.

21

22      **Plaintiff's Objection to Expert Testimony of Adam Feia**

23      Plaintiff challenges the anticipated testimony of Defendant's expert, Adam Feia.

24  Mr. Feia is a Senior Health and Safety Specialist for Graco and is expected to testify that

25  "proper eye protection would have protected Mr. Mariscal's eyes from injury given the

26  type of release of air and liquid pressure that the Graco sprayer produces."  July 25, 2014

27  Def's List of Trial Witnesses at 2 (Docket No. 72); *see also* May 12, 2014 Expert Report

28  of Adam Feia (Docket No. 41-6).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

        Plaintiff seeks to exclude Mr. Feia's expert testimony on the grounds that Mr. Feia

is unqualified to opine on consumer safety, his opinion does not relate to a fact in issue,

and an application of the *Daubert* factors mandates exclusion of his testimony.  July 23,

2014 Letter Brief (Docket No. 65).  Conversely, Defendant opposes the exclusion on the

basis that Mr. Feia's training and experience in employee health and safety qualifies him to

offer an expert opinion on the role protective eyewear plays in preventing an injury caused

by particulate or pressure.  July 30, 2014 Def's Letter Brief (Docket No. 84). Defendant

further contends that Plaintiff's objections to Mr. Feia's testimony should go to the weight

of his testimony, and not its admissibility.  Finally, Defendant argues that the *Daubert*

factors are largely inapplicable in this case because Mr. Feia's opinion does not implicate

any novel, experimental, or new testing or scientific methodology.

12

13

14

15

16

17

        The district court holds a "gatekeeping" role with respect to the admission of expert

testimony.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).  In

determining such admissibility, Federal Rule of Evidence 702 allows a witness that is

"qualified as an expert by knowledge, skill, experience, training, or education" to offer

opinion or other testimony only if:

18

19

20

> (a) the expert's scientific, technical, or other specialized
> knowledge will help the trier of fact to understand the evidence
> or to determine a fact in issue; (b) the testimony is based on
> sufficient facts or data; (c) the testimony is the product of
> reliable principles and methods; and (d) the expert has reliably
> applied the principles and methods to the facts of the case.

21

22

23

24

In applying these factors, it is a proper exercise of the Court's discretion to exclude witness

testimony that is based on "unsupported assumptions and unsound extrapolation."

*McGlinchy v. Shell Chem Co.*, 845 F.2d 802, 807 (9th Cir. 1988).

25

26

27

28

        The Court's application of Rule 702 to the proposed testimony of Mr. Feia reveals

that he is insufficiently qualified to testify as an expert in this case.  While Mr. Feia

adequately possesses "knowledge, skill, experience, training, [and] education" in the area

of workplace safety, he holds none of these qualifications in the area of consumer safety,

United States District Court
Northern District of California

1    which is the matter at issue in this case.  *See* July 23, 2014 Letter Brief, Ex. A at 15 (Feia

2    Dep.) (Docket No. 65) (confirming that Mr. Feia has no background in consumer safety).

3    While Defendant claims that "the Plaintiff's role as a consumer versus an employee in an

4    industrial setting is irrelevant" because "human eyeballs are alike," Mr. Feia's deposition

5    reveals that his expert opinion is based upon a series of assumptions that are only

6    reasonable within an environment involving individuals highly experienced with

7    workplace safety, and therefore does not reflect the circumstances of this case. *See id.* at

8    27-29, 47 (explaining that Mr. Feia's understanding of the term "protective eyewear" as it

9    relates to his testimony is defined as ANSI-rated, properly fitting, OSHA-compliant

10   glasses - but that he has no basis for believing that an ordinary consumer would share this

11   understanding).  Because the fact in dispute relative to Mr. Feia's testimony is whether an

12   *ordinary consumer* such as Plaintiff would be spared injury through the use of 'protective

13   eyewear,' Mr. Feia's testimony is unlikely to help a trier of fact understand the evidence or

14   determine a fact in issue, as required by Rule 702(a).

15        Mr. Feia's proffered testimony similarly falls short of the remaining subparts of

16   Rule 702, as his opinion is not based on the reliable application of reliable principles and

17   methods to sufficient facts or data.  *See* Fed. R. Evid. 702(b)-(d).  The absence of any

18   substantial factual basis for Mr. Feia's testimony is immediately dispositive.  Mr. Feia

19   admits that he does not know, among other things: the level of protection provided by

20   various brands of safety glasses, *id.* at 16; the extent of protection provided by OSHA-

21   compliant safety glasses, *id.* at 29;  the level of pressure involved in Plaintiff's incident,

22   *id.* at 23; the actual mode or specific cause of Plaintiff's injury, *id.* at 25-26; or what type of

23   injuries Plaintiff would have incurred, if any, had he been wearing OSHA-compliant safety

24   glasses, *id.* at 45.  Instead, his opinion is based solely upon his personal experience with

25   workplace safety in an industrial environment. *Id.* at 33, 46.  Based on this lack of

26   sufficient facts or data, and the Court's resulting conclusion that Mr. Feia's testimony is

27   based upon "unsupported assumptions and unsound extrapolations," the Court is

28   convinced that Mr. Feia is unqualified to testify as an expert in this case.  *See McGlinchy*,

845 F.2d at 807. Therefore, Plaintiff's motion to exclude Mr. Feia's expert testimony is GRANTED.

**IT IS SO ORDERED.**

Dated:   8/27/2014

_____
THELTON E. HENDERSON
United States District Judge

United States District Court
Northern District of California